UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RAHMEEK YOUNGER,                                                    ECF CASE

                        Plaintiff,                                 COMPLAINT

         -against-

                                                    PLAINTIFF DEMANDS
THE CITY OF NEW YORK, POLICE OFFICER        TRIAL BY JURY
JOSE M. SANTIAGO, Shield No. 30357, POLICE
OFFICER DENNIS W. HAYS, Shield No. 18716,
POLICE OFFICER JONATHAN FOLEY, Shield         07 CIV 6634(JGK)
No. 04895, and SGT. BENJAMIN BENSON, Shield
No. 90342,

                        Defendants.
------------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.    The plaintiff brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of plaintiff RAHMEED YOUNGER'S rights afforded by the United States Constitution and under the laws of the State of New York.

2.    On June 28, 2006, defendants, New York City Police Officers Jose M. Santiago, Dennis W. Hays, Jonathan Foley and Sgt. Benjamin Benson, using excessive force, arrested, assaulted and battered plaintiff RAHMEEK YOUNGER.

## JURISDICTION

3.    The court has jurisdiction over plaintiff's claim under 42 U.S.C. 1983 pursuant to 28 U.S.C. Sec.1331 and Sec 1343(3).

4.    The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. Sec. 1331 and Sec. 1343(3).

5.     That prior to the commencement of this action, and within ninety (90) days of the occurrence herein, plaintiff served a notice of claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6.     That more than thirty (30) days passed between the service of plaintiff's notice of claim and the commencement of this action, and during such period of more than thirty (30) days the defendant City of New York neglected and refused to pay said claim or adjust same.

7.     That this action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries, and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8.     The plaintiff is a legal residents of the United States and  residents of the State of New York.

9.     Defendants Santiago, Hays, Foley and Benson, sued herein in both their official and individual capacities, are currently and were,  at all times hereafter mentioned, employed by the City of New York as New York City Police Officers. At all times relevant to this action, defendants Santiago, Hays, Foley and Benson, upon information and belief, were stationed out of the 90th Precinct of the New York City Police Department.

10.    At all times relevant to this action, defendants Santiago, Hays, Foley and Benson were assigned to work, and in fact did work, as police officers at the 90th Precinct in Brooklyn County on June 28, 2006.

11.    Defendant, the City of New York, is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible

for the practices, policies, and customs of the New York City Police Department, as well as the hiring screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

## FACTUAL ALLEGATIONS

12. On or about March 14, 2006, at approximately 2:20 P.M., plaintiff was lawfully in the vicinity of Siegel Street and Bogart Street, County of Kings, City and State of New York.

13. At the above time and place, the plaintiff was approached by the defendants, Santiago and Hays and placed under arrest. During the course of this arrest, the defendants physically assaulted and battered him, causing injuries.

14. Plaintiff was transported to the New York City Police Department's 90th Precinct, where he continued to be assaulted and battered by the aforesaid defendants, as well as the defendants Foley and Benson, resulting in further injuries.

## AS AND FOR A FIRST CAUSE OF ACTION

15. As a direct and proximate result of defendants' actions on June 28, 2006, the plaintiff was assaulted and battered, without legal cause or justification.

16. The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

17. As a direct and proximate result of defendants' actions, this plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in her person and to be free from the use of excessive force.

18. Defendants' actions caused plaintiff to suffer great physical and emotional pain and suffering.

19. As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges paragraphs 1-19, as if fully set forth herein.

21. On June 28, 2006 the plaintiff was assaulted and battered by the defendants during the course of the arrest, including but not limited to sustaining a broken nose, a broken jaw, laceration to the chin, and was struck about his entire body, causing further injuries.

22. The assault and battery of the plaintiff was without any legitimate cause or justification and in violation of the laws of the State of New York.

23. That by reason of the aforesaid intentional assault and battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable cause, the plaintiff suffered great bodily injury in and about his head and body.  He was rendered sick, sore, lame and disabled, among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

24. That the aforesaid assault and battery occurred during, in furtherance of, and within the scope of the employment of the individual defendants by the City of New York, to wit, the employment of the aforesaid individual defendants by the defendant, City of New York as police officer.

25. That as a result of the aforesaid agency relationship, and the aforesaid individual defendants' acts while within the employ of the defendant City of New York, the

defendant, City of New York is vicariously liable for the aforesaid intentional tortious conduct of the individual defendants, in that the City of New York encouraged and/or otherwise fostered and/or allowed the assault and battery prosecution upon the plaintiff by giving the individual defendants the means and opportunity to perform such assault and

battery and/or allowing, creating and/or allowing, creating and/or suffering an official policy or custom which made such assault and battery possible.

26. Defendants' actions caused plaintiff to suffer great pain and suffering and he was subjected to ridicule, scorn and humiliation by those observing and/or knowing of this prosecution.

27. As a result of the foregoing, the plaintiff seeks compensatory damages from all of the defendants and punitive damages from the individual defendants.

## AS AND FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and realleges paragraphs 1-27 as if fully set forth herein.

29. The defendants were negligent in effectuating the arrest of the plaintiff causing him to sustain injuries to his body.

30. The injuries were caused without any negligence on the part of the plaintiff.

31. Defendants' actions caused plaintiff to suffer great physical and emotional pain and suffering.

32. This case falls within one of the exceptions of Article 16 of the CPLR.

33. As a result of the foregoing, the plaintiff seeks compensatory damages from the defendants in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

34. Plaintiff repeats and realleges paragraphs 1-33 as if fully set forth herein.

35. That the defendant, the City of New York, was careless and reckless in hiring, retaining and training its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practices.

36. That the defendant, its agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

37. Defendant's actions caused plaintiff to be subjected to excessive force, suffered great pain and suffering and he was subjected to ridicule.

38. As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York in the amount of Five Million ($5,000,000.00) Dollars.

## JURY DEMAND

39. The plaintiff RAHMEEK YOUNGER demands that this proceeding be tried by a jury.

WHEREFORE, plaintiff prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Sec. 2201 declaring that the defendants, separately and in concert, violated the plaintiff's constitutional rights; and

2) For compensatory damages against all defendants; and

3)  For punitive damages against defendants Santiago, Hays, Foley and Benson; and

4)  For attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988; and

5)  For other relief as is just and proper.

Dated:  Brooklyn, New York
        July     , 2007

                                            EDWARD FRIEDMAN, ESQ.
                                            EDF-4000
Attorney for Plaintiff
26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 852-8849