USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/07

APPLICATION GRANTED
SO ORDERED

*signature*
John G. Koeltl, U.S.D.J.    11/2/07

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

PRATHYUSHA REDDY
*Assistant Corporation Counsel*
Tel: (212) 788-0963
Fax: (212) 788-9776

November 1, 2007

**BY HAND**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Rahmeek Younger v. City of New York, et al., 07 CV 6634 (JGK)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for defendant City of New York. I write with regard to the above-referenced matter to respectfully request that the time to respond to the complaint be briefly extended from the current due date of November 5, 2007, until 60 days after a fully executed original § 160.50 release is received from plaintiff. This is defendant's second request for an extension of time to respond to the complaint. Plaintiff's attorney, Mr. Edward Friedman, consents to this request.

    By way of background, plaintiff alleges, *inter alia*, that on or about June 28, 2006, he was arrested without probable cause and subjected to excessive force by police officers. As set forth in defendant's letter to the Court, dated September 5, 2007, there are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Accordingly, a § 160.50 release is necessary for defendant City to access the information, properly assess the case, respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and timely participate in discovery. Since the scope of a 160.50 release is broadly interpreted by the NYPD, if *any* paperwork was prepared by the police department with respect to aforementioned plaintiffs, e.g., search warrants, arrest paperwork that was later voided, or complaint reports, then it would be sealed pursuant to N.Y.C.P.L. § 160.50, and the City would not have access to it to prepare its defense in this matter. Simply put, without this release, defendant City cannot access and consequently, produce in discovery, police paperwork, criminal court documents, or records from the district attorney's file pertaining to plaintiff's underlying arrest and prosecution that is

the basis of this lawsuit. Furthermore, these documents are needed in order for our office to determine representation of the individually named defendants Jose Santiago, Dennis Hayes, Jonathan Foley, and Benjamin Benson, pursuant to Section 50-K of the N.Y. General Municipal Law. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, on August 29, 2007, October 3, 2007, and October 18, 2007, this office forwarded three requests to plaintiff for execution a consent and authorization for the release of sealed records so that defendant can access the information, properly assess the case, and respond to the complaint. When plaintiff did not respond to the requests, I contacted Mr. Friedman by telephone on November 5, 2007. In a telephone conversation on November 5, 2007, Mr. Friedman informed me that he was aware of the prior requests and that he would provide our office with the necessary unsealing release.

At this juncture, we estimate that approximately sixty (60) days are needed to obtain the Criminal Court and police documents that will allow defendant access to the information necessary to respond to the complaint.

In light of the above, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to 60 days until a date after a fully executed original § 160.50 release is received from plaintiff. As stated above, plaintiff's attorney consents to this request.

Thank you in advance for your consideration herein.

Respectfully submitted,

Prathyusha Reddy (PR 5579)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     **BY FAX**
        Edward Friedman, Esq.
        Attorney for Plaintiff
        26 Court Street
        Suite 1903
        Brooklyn, New York 11242