UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

RAHMEEK YOUNGER,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER JOSE M. SANTIAGO, Shield No. 30357, POLICE OFFICER DENNIS W. HAYS, Shield No. 18716, POLICE OFFICER JONATHAN FOLEY, Shield No. 4895, and SGT. BENJAMIN BENSON, Shield No. 90342,

                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY, SANTIAGO, BENSON AND FOLEY**

Jury Trial Demanded

07 CV 6634 (JGK)

------------------------------------------------------------------ x

       Defendants City of New York, Santiago, Foley and Benson,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the pendent jurisdiction of this Court as stated therein.

---

[1] On January 15, 2008, defendant Dennis Hays received an extension by which to answer or otherwise respond to the complaint until February 15, 2008.

5. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a notice of claim was received by the Office of the Comptroller.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the purported claims have not been settled or adjusted.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that this action was filed on July 24, 2007, and that plaintiff purports to proceed as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendants Santiago, Benson, and Foley are employed by the City of New York, and that defendant Hays was employed by the City of New York and that plaintiff purports to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that defendants Santiago, Hays, Foley and Benson were assigned to the 90th Precinct or or about June 28, 2006.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that it maintains a Police Department.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19," except admit that plaintiff purports to proceed as stated therein.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege paragraphs "1" through "19" of this answer as though fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff purports to proceed as stated therein.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege paragraphs "1" through "27" of this answer as though fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint,=m except admit that plaintiff purports to proceed as stated therein.

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that plaintiff purports to proceed as stated therein.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege paragraphs "1" through "33" of this answer as though fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff purports to proceed as stated therein.

39. Paragraph "39" of the complaint sets forth a demand for a jury trial, rather than an averment of fact, and accordingly no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, the City is entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

42. The plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

43. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

44. Plaintiff's claims against the City of New York under state law are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

45. Plaintiff's state law claims may be barred for failure to comply with New York General Municipal Law §§ 50-e, h, and i.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent act of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

47. The individual defendants Santiago, Foley and Benson have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

48. There was probable cause to arrest and prosecute plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

49. This action is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

50.  Plaintiff provoked any incidents.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE:

51.  At all times relevant to the acts alleged in the complaint, defendants Santiago, Foley and Benson acted reasonably in the proper and lawful exercise of their discretion.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           January 15, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants City, Santiago, Foley and Benson
                                        New York, New York 10007
                                        (212) 788-0963


                                        By: _____
                                            Prathyusha Reddy (PR 5579)
                                            Assistant Corporation Counsel
                                            Special Federal Litigation Division


TO:    **By ECF and HAND**
       Edward Friedman, Esq.
       Attorney for Plaintiff
       26 Court Street, Suite 1903
       Brooklyn, NY 11242

Index No 07 CV 6634 (JGK)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| RAHMEEK YOUNGER,<br><br>                                                           Plaintiff,<br><br>                          -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER JOSE M. SANTIAGO, Shield No. 30357, POLICE OFFICER DENNIS W. HAYS, Shield No. 18716, POLICE OFFICER JONATHAN FOLEY, Shield No. 4895, and SGT. BENJAMIN BENSON, Shield No. 90342,<br><br>                                                           Defendants |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*   Attorney for Defendants City, Santiago, Foley*<br>*   and Benson*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Prathyusha Reddy*<br>*Tel: (212) 788-0963*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.*................................................................................*, 200...*<br><br>...........................................................................................*Esq.*<br><br>*Attorney for*............................................................................... |